**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

**GAETANO BELMONTE,**

                **PLAINTIFF,**

      V.                              6:15cv136
                                                (TJM/ATB)

**GRIFFISS UTILITY SERVICES CORP., and**
**GUSC Energy, Inc.,**

                **DEFENDANTS.**

Thomas J. McAvoy
Senior United States Judge

## DECISION AND ORDER

Before the Court is Defendants' motion for summary judgment. See dkt. # 37. The parties have briefed the issues and the Court has determined to decide the matter without oral argument.

### I.    BACKGROUND

This case concerns Plaintiff's claims that Defendants discriminated against him by firing him because of his age. After Plaintiff served Defendants with the Complaint, they filed a motion to dismiss. See dkt. # 10. The Court granted the motion in part and denied the motion in part. See dkt. # 18. The Court denied the motion with respect to Plaintiff's claims under the Age Discrimination In Employment Act ("ADEA"), finding that discovery was necessary to determine whether Defendants had sufficient employees to

be covered by the Act. Id. at 5-6. After a discovery period, Defendants filed the instant motion and Plaintiff responded.

## II. LEGAL STANDARD

Defendants have moved for summary judgment. It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tennenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment, who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon 'mere allegations or denials' asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or

2

unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

**III.   ANALYSIS**

Defendants assert that they had insufficient employees during the time periods relevant to the Complaint to be covered by the ADEA. Plaintiff denies that claim.

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). Under the ADEA, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twentty or more calendar weeks in the current or preceding calendar year[.]" 29 U.S.C. § 630(b). As such, "[a] business must have at least twenty 'employees' to be an 'employer'" under the ADEA. Morelli v. Cedel, 141 F.3d 39, 44 (2d Cir. 1998) (quoting 29 U.S.C. § 630(b)). The Court has determined that Plaintiff's claims concern disparate treatment he received in the workplace after May 21, 2013 and a retaliation claim during that same period. See dkt. # 18 at 5. The Court will analyze whether Defendants had the requisite number of employees during that period.

Defendants have addressed this issue through the statement of material facts with citations to the record required by Local Rule 7.1(a)(3). See dkt. # 37-11. Local Rule 7.1(a)(3) requires the proponent of a summary judgment motion to file a "Statement of Material Facts" that contains "in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue." L.R. 7.1(a)(3). Each paragraph must contain citations to the record to support such statements. Id.

3

Parties opposing the motion must file a response that "mirror[s] the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs." Id. Failing to file such a statement, the Rules warn, will cause the Court to "deem admitted any properly supported facts" in the movant's statements. Id. (emphasis in original). While the rule is important, "[a] non-response does not risk a default judgment[.]" Jackson v. Fed. Express, 766 F.3d 189, 194 (2d Cir. 2014). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." Id. "[T]he court may rely on other evidence in the record even if uncited." Id. Moreover, "the court must determine whether the legal theory of the motion is sound." Id. The Court may not grant summary judgment "simply because the motion, or relevant part, is unopposed." Id.

Defendants' statement of material facts points the Court towards evidence that indicates that at no time during the relevant period did the employer in question have 20 or more employees. See Defendants' Statement of Material Facts, dkt. # 37-11. Defendant Griffith Utility Service Corporation has never had twenty or more employees in a calendar week since the company appeared in 2000. Id. at ¶ 3. Defendant GUSC Energy, Inc., has likewise never had twenty or more employees in any calendar week since its creation. Id. at ¶ 9. At no time during the relevant years did the payroll of the two defendants, when added together, reach 20 employees. See id. at ¶¶ 12-19. The Court has examined the payroll records to which Defendants cite. That evidence makes clear that, even when the employees of Defendant Grissis Utility Services Corp.

and Defendant GUSC Energy, Inc., are added together, those companies never had 20 employees during any one-week period during 2013, 2014 or 2015.  See Corrected Exhibits A and B to Defendants' Motion, dkt. # 48, Exhibits C-H to Defendant's Motion, dkt. #s 37-4-37-9.

Plaintiff has not properly responded to Defendants' statement of material facts. In responding to Defendants' motion, Plaintiff responded to each paragraph of Daniel Maneen's affidavit.  See dkt. #s 37-1, 44.  Maneen is President and CEO of Grifiss Utility Services Corp.  Dtk. # 37-1 at ¶ 1.  As Plaintiff proceeds *pro se*, the Court will read this document generously as an attempt to argue that record evidence exists that supports his claims.  Plaintiff's response, however, contains only assertions, and not citations to the record, such as "fact of the matter, is 2012/2013 heating season, there was 20+ employees at GUSC."  Id.  Plaintiff provides no evidence to support this claim. He does supplement his response with a photograph depicting twelve men, which he contends shows workers for GUSC Energy, Inc., "taken during the 2012/2013 Heating Season."  See dkt. # 45.  That picture shows twelve people.  Id.  Plaintiff also contends that "(3) people are absent from the Photo, also absent are the employees [of] GUSC, (6) employees."  Id.  The document lists the names of three persons and the hiring dates for two of them and asserts that, when added to the six Griffiss Utility Services Corporation employees, the company employed twenty people.  Id.

The Court finds that Plaintiff has not pointed the Court to any competent evidence to support his assertions about the number of employees, made without citations to the record or evidence authenticating the claims made about the picture included in his letter.  No reasonable juror, comparing the payroll records Defendants

5

provide to Plaintiff's unsupported assertions, could conclude that 20 employees worked for the Defendants during any relevant period, even assuming the employees of the two Defendants could be added together.

Because no evidence supports the conclusion that Defendants employed twenty persons during the period relevant to this claim, the Court must find that Defendants are not covered by the ADEA. Defendants' motion will therefore be granted.

## IV. CONCLUSION

For the reasons stated above, the Defendants' motion for summary judgment, dkt. # 37, is hereby GRANTED.

_____
Thomas J. McAvoy
Senior, U.S. District Judge

**IT IS SO ORDERED**

**DATED:** February 13, 2017